

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**March 26, 2020 14:05**

By: F BENJAMIN RIEK 0022703

Confirmation Nbr. 1976316

PATRICIA HILDRETH                    CV 20 931443

    vs.
                                       **Judge:** NANCY MARGARET RUSSO

KICHLER LIGHTING LLC

**Pages Filed:** 4

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| PATRICIA HILDRETH<br>10114 CHAPMAN AVE.<br>CLEVELAND, OHIO 44111 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE |
| PLAINTIFF | )<br>) | COMPLAINT<br>(Jury Demand Endorsed Hereon) |
| V. | )<br>) | |
| KICHLER LIGHTING LLC<br>C/O CT CORPORATION<br>SYSTEMS<br>4400 EASTON COMMONS WAY<br>SUITE 125<br>COLUMBUS, OH 43219 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| DEFENDANT | ) | |

Now comes Plaintiff Patricia Hidreth pursuant to Civ. R. 8 asserts the following her claims against Kichler Lighting (herein after Defendants or Kichler) and would show the Court as follows:

### I. PARTIES

1. Plaintiff Patricia Hildreth is an individual residing in Cleveland, Cuyahoga County, Ohio and at all times herein was an employee of Defendant as defined by the §101(2) of the Family and Medical Leave Act, 29 U.S.C. §2611(2) et seq. Plaintiff was hired by Defendant on or about May 7, 2017 as an assembler.

2. Defendant is a Delaware foreign limited liability company authorized to do in the State of Ohio and at all times relevant hereto operated a manufacturing and assembly plant in Cleveland, Ohio. During the time period relevant for Plaintiff's claims, Defendant was an employer as defined by §101(4) of the FMLA, 29 U.S.C. §2611(4) in that it employed in excess of fifty (50) employees within a seventy-five (75) mile radius of the Maple Hts. facility. Defendant's statutory agent for

service of process is CT Corporation Systems whose address is 4400 Easton Commons Way., Suite 125, Columbus, Ohio 43219.

3. This court has subject matter jurisdiction over Plaintiff's claims pursuant to Section 107(a)(2) of the FMLA, 29 U.S.C. §2617(a)(2).

## II. VENUE

4. Venue of this matter is proper in Cuyahoga County since the events that give rise to Plaintiff's claims occurred in Cuyahoga County, Ohio where Defendant maintains a food distribution facility.

## III. FACTUAL BACKGROUND

5. Plaintiff was hired as an assembler and continued in the position until she was promoted to a position in Kichler's warehouse.

6. She performed her assignments in a satisfactory to excellent manner at all times.

7. Plaintiff has been employed and has worked in excess of 1250 hours over the rolling 12-month period since her hiring and became eligible for FLMA benefits in May 2018 on the anniversary of her employment.

8. In November 2018 Plaintiff was promoted to a position in the warehouse and received a raise on her hourly rate.

9. In November 2018 Plaintiff developed arthritis and requested intermittent FMLA leave for a recurring basis of two day per month for treatment.

10. Kichler approved this FMLA request.

11. Plaintiff used her intermittent leave from November 2018 to September 2019.

12. During this period Plaintiff used approximately twenty-two (22) days of FMLA leave.

13. She still had approximately thirty-eight (38) of FMLA leave available at the time of

2

her termination on September 27, 2019.

14. In mid-September Plaintiff developed walking pneumonia which was diagnosed on September 18, 2019.

15. In accordance with Kichler procedure Plaintiff notified her employer of the need for FMLA leave to recover from this qualifying illness and emailed a request for FMLA leave on or about September 21, 2019.

16. Prior to emailing her request for leave, Plaintiff placed several phone calls to Bill Franklin, her supervisor.

17. When she finally spoke to Franklin, he told her she would receive attendance points if she was absent. Plaintiff informed Franklin that she still had FMLA leave available and that her illness qualified for FMLA leave.

18. Defendant terminated Plaintiff on September 27, 2019 on the basis that she had exceeded the allowable absence limit despite having FMLA leave available for her use as of that date.

### IV.   FMLA VIOLATIONS

19. The foregoing conduct in terminating Plaintiff's employment for pretextual reasons when she had properly requested FMLA leave constitutes interference with Plaintiff's FMLA rights in violation of 29 U.S.C. §2615(a)(1).

20. In addition, Defendant's conduct as set forth above constitutes discrimination against Plaintiff for interference with the exercise of her rights in violation of 29 U.S.C. §2615(a)(2).

21. As a result of the foregoing conduct, Plaintiff is entitled to recover her lost wages and

other benefits lost as a result of the termination of her employment as provided for in 29 U.S.C. §2617(a)(1)(A)(i)(I), interest to be calculated at the prevailing rate and an amount of liquidated damages equal to her lost wages and benefits pursuant to 29U.S.C. §2617(a)(1)(A)(iii).

22. Plaintiff is also entitled to recover her reasonable and necessary attorney fees and the costs of this action pursuant to 29. U.S.C. §2617(a)(3).

WHEREFORE for the foregoing reasons, Plaintiff requests judgment as follows:

A. That Plaintiff be reinstated to her prior position
In the warehouse with Defendant;

B. That Plaintiff be awarded her lost wages and benefits
in an amount to be determined as trial;

C. That Plaintiff be awarded liquidated damages in an
amount equal to twice her economic losses;

D. That Plaintiff be awarded her reasonable and necessary
attorney's fees and the costs of this action; and

E. That Plaintiff be awarded such other and further
relief as may be deemed just and equitable.

Respectfully Submitted,

*/s/ F. Benjamin Riek III*
F.Benjamin Riek III (0022703)
Law Offices of F. Benjamin Riek III
755 White Pond Dr., Suite 403
Akron, Ohio 443220
(330) 864-8604
Fax (330) 864-7517
Email: fbenjaminr@msn.com

Counsel for Plaintiff

**JURY DEMAND**

Pursuant to Civ. R. 38, Plaintiff requests a trial by jury on all issues so triable.

*/s/ F. Benjamin Riek III*